IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES HUGHES | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NEW YORK STATE DEPARTMENT | : | NO. 16-1333 |
| OF MOTOR VEHICLES | : | |
| | : | |
| THERESA L. EGAN | : | |

FILED
SEP -7 2016
LUCY V. CHIN, Interim Clerk
By _____ Dep. Clerk

**MEMORANDUM**

SÁNCHEZ, J.                                                                                   SEPTEMBER 7, 2016

Currently before the Court is plaintiff's filing, which is comprised of various documents that appear to respond to the Court's April 20, 2016 order dismissing plaintiff's complaint and giving him leave to file an amended complaint. The Court will construe the filing as an amended complaint and dismiss the amended complaint.

Plaintiff initiated this civil action by filing a one-page complaint against the New York State Department of Motor Vehicles and Theresa L. Egan accusing those defendants of "trespass" on plaintiff's property by way of a "forged instrument." He further alleged Egan claimed that he "failed to answer a ticket." On April 20, 2016, the Court granted plaintiff leave to proceed *in forma pauperis* and dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) because: (1) the New York State Department of Motor Vehicles is entitled to Eleventh Amendment immunity; and (2) plaintiff failed to provide a basis for the Court's jurisdiction and, in any event, venue appeared to be improper. Plaintiff was given leave to file an amended complaint against Egan in the event he could state a plausible claim within this Court's jurisdiction.

1

Plaintiff responded by filing a compilation of documents. Among the documents is a complaint that essentially duplicates the original complaint, but bears the case number for this civil action and a more recent date. Plaintiff's filing also includes a letter indicating that plaintiff seeks to stand on his original complaint as pled, notices containing various legal citations governing the standard for dismissal, and notices reflecting plaintiff's belief that the Court has venue and/or jurisdiction over his claims. The Court will construe the filing as an amended complaint.

As plaintiff is proceeding *in forma pauperis*, the Court must screen his amended complaint and dismiss it if, among other things, it fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Plaintiff's filing, which appears to rest primarily on the allegations of his original complaint and general legal citations, does not cure the deficiencies in his claims. The Court cannot discern a nonfrivolous or plausible basis for a claim against the defendants within this Court's jurisdiction. Accordingly, the Court will dismiss the amended complaint. Plaintiff will not be given another opportunity to amend because the Court concludes that further amendment would be futile. An appropriate order follows, which shall be docketed separately.